IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TERRELL MADISON aka NAEOMI KAIOR MADISON,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>Sergeant SAMANTHA GREENE,  )<br>)<br>)<br>Defendant.  )<br>) | CIVIL ACTION NO. 5:25-CV-116 (MTT) |

## ORDER

Pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Amelia G. Helmick conducted a screening of plaintiff Terrell Madison, aka Naeomi Kaior Madison's complaint and recommends that the complaint (Doc. 9) be dismissed for failure to state a claim and as malicious for abuse of the judicial process. Doc. 12. The Magistrate Judge also recommends that Madison's motion for judgment as a matter of law (Doc. 5) and motion for declaratory judgment (Doc. 4) be denied, and that the defendant's motion to dismiss (Doc. 10) be denied as moot. Madison has not objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation for clear error.

In addition to dismissal for failure to state a claim, the Magistrate Judge recommends dismissal for failure to disclose litigation history pursuant to 28 U.S.C. § 1915A. There are two additional bases for the dismissal. First, the Court may dismiss a case as a sanction under Federal Rule of Civil Procedure 11, which requires a party to sign papers filed with the Court and certify that "factual contentions have evidentiary

support."  Fed. R. Civ. P. 11(b)(3); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006).  Second, the Court may dismiss an action where an inmate fails to disclose her litigation history under its inherent authority to control its docket and enforce its rules.  *See McNair v. Johnson*, __ F.4th __, 2025 WL 1923126, at *3 (11th Cir. July 14, 2025) (upholding a dismissal without prejudice for failure to disclose litigation history).

Following the Magistrate Judge's Order and Recommendation (Doc. 12), Madison moved for leave to amend her amended complaint.  Doc. 14.  A district court need not grant leave to amend under Federal Rule of Civil Procedure 15(a) where permitting such amendment would be futile.  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004).   Madison requests leave to "refile a 'new' and correct 28 U.S.C. 1983."  Doc. 14 at 1.  It is not clear what Madison intends to "correct" in her complaint.  If it is to "correct" the failure to truthfully disclose her litigation history, a later disclosure of litigation history does not cure the initial failure to disclose.[1]  As to Madison's Eighth Amendment and Fourteenth Amendment Equal Protection claims based on verbal taunting, a "more carefully drafted complaint could not state a claim."  *See Silberman v. Miami Dade Transit,* 927 F.3d 1123, 1133 (11th Cir. 2019); *In re Eric Watkins Litig.*, 829 F. App'x 428, 431 (11th Cir. 2020) (holding that deputy's "alleged conduct of directing demeaning homosexual comments and gestures at [a prisoner], though unacceptable and unrelated to any legitimate governmental objective, is the type of verbal harassment or taunting that is not actionable under the Eighth or Fourteenth

---

[1] *See Tompkins*, 197 F. App'x at 819 ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018)  ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources.").

Amendments"). Thus, further amendment would be futile and Madison's motion to amend (Doc. 14) is **DENIED**.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 12) is **ADOPTED** and made the Order of the Court. Accordingly, Madison's complaint (Doc. 9) is **DISMISSED** without prejudice, Madison's motion for judgment as a matter of law (Doc. 5) and motion for declaratory judgment (Doc. 4) are **DENIED**, and the defendant's motion to dismiss (Doc. 10) is **DENIED as moot.**

**SO ORDERED**, this 8th day of August, 2025.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT